UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GARCIA,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>        Defendant. | Case No.  1:20-cv-00924-CDB (SS)<br><br>ORDER ON STIPULATION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 30) |

    Pending before the Court is the stipulated request of Plaintiff Carlos Garcia ("Plaintiff") for the award of attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[2]  (Doc. 30).  Plaintiff requests an award of attorney's fees in the amount of $7,800.00 to counsel for Plaintiff, Jonathan O. Pena.  *Id*.

    Plaintiff filed this action on July 2, 2020, seeking judicial review of the denial of his application for benefits.  (Doc. 1).  The Commissioner of Social Security ("Commissioner" or

---

[1] On December 20, 2023, Martin O'Malley was named Commissioner of the Social Security Administration.  *See* https://www.ssa.gov/history/commissioners.html. He therefore is substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant.").

[2] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 11).

"Defendant") lodged the administrative record on July 30, 2021. (Doc. 13). Plaintiff filed a motion for summary judgment on September 17, 2021. (Doc. 16). On November 30, 2021, Defendant filed an opposition, and Plaintiff filed a reply on February 14, 2022. (Docs. 19, 25).

On April 30, 2024, the Court issued an order granting Plaintiff's motion for summary judgment and remanding this action for payment of benefits. (Doc. 28). The Court held that the Administrative Law Judge erred by failing to provide legally sufficient reasons for discounting the opinion of Plaintiff's treating physician Dr. Grasser. *Id*. That same day, judgment was entered in favor of Plaintiff against Defendant. (Doc. 29).

On July 30, 2024, Plaintiff filed the pending, stipulated motion for attorney's fees pursuant to EAJA requesting an award of $7,800.00. (Doc. 30). In the parties' stipulated request, Plaintiff requests an award of attorney's fees as the prevailing party. *Id*.; *see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails in a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

The EAJA provides for an award of attorney's fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney's fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. To be "substantially justified," the government's litigation position and the underlying agency action must have a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc).

A determination that an ALJ's decision "was unsupported by substantial evidence is therefore a strong indication that the 'position of the United States'…was not substantially justified." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). Because "substantial evidence" is a "deferential…standard of review" and refers to "such relevant evidence as a reasonable person might accept as adequate to support a conclusion," a finding that substantial evidence is lacking usually means "the government's underlying action was not substantially

justified." *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). Here, the Court determined the ALJ's decision was not supported by substantial evidence. (Doc. 28 at 17). Moreover, the Commissioner has stipulated to Plaintiff's request. (Doc. 30). Accordingly, Plaintiff is eligible for EAJA fees.

Having determined that Plaintiff is eligible for EAJA fees, the Court must determine what fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). Counsel for Plaintiff notes their firm worked 40.8 hours on this action from 2020 to 2024. (Doc. 30-1).[3] Counsel for Plaintiff's request for $7,800.00 is well below the statutory maximum hourly rates authorized by the EAJA. With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. (Docs. 28-29). Accordingly, the Court finds Counsel for Plaintiff's stipulated request for attorney's fees is reasonable.

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's stipulated request for the award of attorney's fees pursuant to EAJA (Doc. 30) is GRANTED; and
2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney's fees in the amount of $7,800.00. Unless any offsets are applied under TOP, the government shall make payment of the fees to Plaintiff's counsel Jonathan O. Pena in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulation.

IT IS SO ORDERED.

Dated:   **July 31, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 23, 2024).